**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4287**

─────────────

UNITED STATES OF AMERICA,

                                     Plaintiff - Appellee,

        versus

CLIFFORD ODELL VANCE, a/k/a Groundhog,

                                     Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver, Jr.,
District Judge.  (2:05-cr-00096)

─────────────

Submitted:  January 23, 2007        Decided:  February 6, 2007

─────────────

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Carl J. Roncaglione, Jr., Charleston, West Virginia, for Appellant.
Charles T. Miller, United States Attorney, Steven I. Loew,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifford Odell Vance was arrested on April 30, 2003, after his wife filed a domestic battery complaint with the West Virginia state police. Prior to serving the arrest warrant, West Virginia law enforcement received a tip that Vance, a convicted felon, was attempting to remove weapons from his house. Vance was later indicted on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A jury convicted Vance on one count, and he was sentenced to 30 months imprisonment.

Vance now appeals his conviction and sentence, asserting that the district court made multiple erroneous evidentiary rulings.[1] We review a district court's decision regarding the admissibility of evidence for abuse of discretion and will not find an abuse of discretion unless a decision was "arbitrary and irrational." United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002). Finding no abuse of discretion, we affirm.

I

First, Vance contends that the district court erred in allowing the Government to introduce prior grand jury testimony of its own witness for both impeachment purposes and substantive

---

[1]We address herein only the two arguments that warrant discussion. Our review of the record reveals that Vance's other arguments are entirely without merit.

2

consideration. At trial, the Government called Jeffrey McCallister, Vance's son-in-law and neighbor. McCallister was expected to testify in accord with his grand jury testimony, in which he recounted moving multiple firearms from the gun case in Vance's home to his own home on the night Vance was arrested. Instead, McCallister testified at trial that the firearms had remained at his home -- not Vance's -- for several years prior to the night of Vance's arrest. Due to McCallister's inconsistent statements, the district court permitted the Government to read the grand jury testimony and elicit McCallister's responses thereto.[2] The district court later instructed the jury that, per the parties' stipulation, the Government's reading of McCallister's grand jury testimony was an accurate recitation of such testimony.

Pursuant to Federal Rule of Evidence 801(d)(1)(A), the district court admitted the grand jury testimony for both impeachment purposes and substantive consideration. Rule 801(d)(1)(A) excludes from the definition of hearsay prior inconsistent statements by a witness that were given under oath subject to the penalty of perjury, as long as the witness may be cross-examined concerning the statements. Grand jury testimony

---

[2]We note that grand jury testimony may be read into evidence by counsel, and there is no requirement that the transcript also be admitted. See United States v. Hines, 717 F.2d 1481, 1490 (4th Cir. 1983) (affirming the decision of the district court to allow the defendant to read only relevant grand jury testimony to the jury).

falls under the purview of Rule 801(d)(1)(A). <u>United States v. Stockton</u>, 788 F.2d 210, 219 n.14 (4th Cir. 1986). Therefore, the district court did not abuse its discretion in admitting McCallister's grand jury testimony for both impeachment and substantive purposes. <u>United States v. Scruggs</u>, 356 F.3d 539, 547 n.4 (4th Cir. 2004).

Second, Vance argues that the district court improperly admitted an affidavit of the Lincoln County deputy clerk of court. The affidavit certified the nonexistence of any record that indicated Vance had petitioned for reinstatement of his civil right to possess a firearm. The district court admitted the affidavit to prove that Vance had not had his civil rights reinstated.

The district court did not abuse its discretion in admitting the affidavit. In addition to being a properly notarized affidavit, the document was signed by the deputy clerk of court for Lincoln County, and it bore the raised seal of the circuit court of Lincoln County. Therefore, it qualified as a self-authenticating public document under seal pursuant to Federal Rule of Evidence 902(1). Moreover, the certification of the deputy clerk of court was admitted to prove the absence of a public record. Thus, it qualified as admissible hearsay under Federal Rule of Evidence 803(10). <u>United States v. Bowers</u>, 920 F.2d 220, 223-24 (4th Cir. 1990).

II

Accordingly, we affirm Vance's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

AFFIRMED
